IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TROY HEMPHILL,<br><br>      PLAINTIFF,<br> v.<br><br>LVNV FUNDING, LLC and<br>RESURGENT CAPITAL SERVICES,<br>L.P.<br><br>      DEFENDANTS. | Case No. |

## COMPLAINT

Plaintiff, Troy Hemphill, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") and the Illinois Collection Agency Act, 225 ILCS 425/1 *et seq*. ("ICAA"), for a finding that the Defendants' actions violated Plaintiff's legal rights, and to recover damages for Defendants' violations thereof, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. §§ 1331 and 1337.

2. Venue is proper in this District because parts of the acts and transactions occurred here, and the Defendants transact substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to the Defendants' conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff suffered a concrete injury due to the Defendants' false reporting of his credit information.

5. The Defendants communicated false information, namely, that the debt was not disputed when it was in fact disputed, to a third party, in this case a consumer reporting agency.

6. This false communication is analogous to defamation, a tort under common law.

7. By communicating false and inaccurate information regarding Plaintiff and his credit to third parties, Defendants defamed Plaintiff's creditworthiness. *See Ewing, Webster v. Med-1 Solutions, LLC*, Nos. 21-1276 and 21-1299, at pg. 13 (7th Cir., Feb. 2, 2022) (A violation of 15 U.S.C. § 1692e(8) "is related closely to the harm caused by defamation. Reputational harm of this sort is a real-world injury; being portrayed as a deadbeat who does not pay his debts has real-world consequences.").

8. Plaintiff has thus suffered an injury because of the Defendants' conduct, giving rise to standing before this Court. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, at 2204 (2021) (A court may look at whether there is "a close historical or common-law analogue" to the alleged injury, when determining Article III standing, but the analogue must only be similar, not exact). *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

2

**PARTIES**

9. Plaintiff is a resident of the State of Illinois, from whom the Defendants' attempted to collect a delinquent consumer debt it alleged had been owed to for a debt arising from personal, family or household purposes.

10. Plaintiff is thus a consumer as that term is defined by 15 U.S.C. § 1692a(3) of the FDCPA.

11. Defendant Resurgent Capital Services, L.P. ("Resurgent") is a limited partnership entity that does or transacts business in the State of Illinois. Its principal place of business is 55 Beattie Place, Suite 110, Greenville, South Carolina 29601.

12. Resurgent is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

13. On information and belief, Resurgent directly manages and services LVNV's purported assets, including the alleged debt at issue in this case.

14. Resurgent acts as a debt collector as defined by § 1692a(6) of the FDCPA because it uses the instrumentalities of interstate commerce including the telephone and/or the mails in its business, the principal purpose of which is the collection of defaulted consumer debts.

15. Resurgent also acts as a debt collector as defined by § 1692a(6) of the FDCPA as it regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

16. Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that does or transacts business in the State of Illinois. Its principal place of business is 6801 S. Cimarron Road, Suite 424-J, Las Vegas, Nevada 89113.

17. LVNV is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

18. LVNV acts as a debt collector as defined by § 1692a(6) of the FDCPA because it uses the instrumentalities of interstate commerce including the telephone and/or the mails in its business, the principal purpose of which is the collection of defaulted consumer debts.

## FACTUAL ALLEGATIONS

19. According to the Defendants, Plaintiff incurred a debt, originally to Credit One Bank, N.A. (the "Account").

20. Plaintiff used the Account primarily for personal, family, and household purchases.

21. The alleged Account is thus a "debt" as that term is defined by § 1692a(5) of the FDCPA.

22. The Defendants claim that Plaintiff failed to make payments and the alleged account was charged off by the original creditor.

23. The Defendants claim that the original creditor sold, transferred or assigned the alleged debt to it for collections.

24. The Defendants subsequently began efforts to collect the Account, including by filing a lawsuit against Plaintiff, through counsel at Blitt and Gaines, P.C. ("Blitt").

25. In response to collection attempts by The Defendants, Plaintiff consulted with the attorneys at Chicago Consumer Law Center, P.C., who, on November 3, 2021, sent a letter via fax to the Defendants, via The Defendants' counsel at Blitt which was representing it in a pending state court action related to the alleged debt at issue, indicating that Plaintiff disputed the Account. (Exhibit A, Dispute Letter).

26. The Defendants received Plaintiff's dispute shortly thereafter since it was sent to its attorney and agent, since Defendants were represented by counsel in respect to the alleged account.

27. Plaintiff's letter stated, in part, that the amount reported is not accurate.

28. A statement that "the amount reported is not accurate" evinces the intention to dispute the validity of at least a portion of the purported debt. *Evans v. Portfolio Recovery Associates, LLC*, 889 F.3d 337, 349 (7th Cir. 2018). ("There is simply no other way to interpret this language.") *Id.*

29. Thereafter, on November 3, 2021, Defendants communicated credit information regarding the Account to the Experian consumer reporting agency, including the balance, an account number, and the date reported. (Exhibit B, Redacted Excerpt from Plaintiff's Experian Report).

30. Defendants failed to communicate that Plaintiff's Account was disputed when it communicated other information to Experian regarding the Account.

31. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

32. The Defendants failed to communicate a dispute to the Experian credit reporting agency, in violation of 15 U.S.C. § 1692e(8), when it knew or should have known about the

dispute and communicated other information regarding the Account to the credit reporting agency.

33. Credit reporting by a debt collector constitutes an attempt to collect a debt. *E.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

34. The Defendants' false credit reporting defamed Plaintiff's credit reputation and adversely impacted Plaintiff's credit reputation.

35. A debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

36. Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

37. Even though the Defendants knew or should have known that Plaintiff disputed owing the alleged debt, the Defendants communicated credit information about Plaintiff to the Experian consumer reporting agency, while omitting the fact that Plaintiff disputed that alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(8).

38. Because of the Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorney fees.

## COUNT II-ILLINOIS COLLECTION AGENCY ACT

39. Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

40. The Defendants communicated false and inaccurate credit information about Plaintiff in an attempt to force Plaintiff to pay a disputed debt, in violation of 225 ILCS 425/9(a)(22) and 225 ILCS 425/9(a)(35) of the Illinois Collection Agency Act.

41. Plaintiff was damaged by the Defendants' illegal actions due to credit defamation and failing to report that the alleged debt was disputed.

WHEREFORE, Plaintiff asks that the Court enter judgment in Plaintiff's favor and against Defendants as follows:

A. Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

D. Compensatory damages, punitive damages and attorney's fees and costs of this action as allowed under the Illinois Collection Agency Act; and,

E. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

Bryan Paul Thompson
Robert W. Harrer
CHICAGO CONSUMER LAW CENTER, P.C.
33 N. Dearborn St., Suite 400
Chicago, Illinois 60602
Tel. 312-858-3239
Fax 312-610-5646
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them.

These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

By: s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys